## JACOBS and wife *vs.* VANDERVOORT and others.

A bill of foreclosure of a mortgage executed to an unmarried female, filed by her and her husband subsequently married, alleging the marriage, to which there is an answer not admitting the marriage, and a replication to such answer filed, cannot be sustained at the hearing, without proof of the marriage.

The marriage being a fact not charged to be within the personal knowledge of the defendant, must be proved, to sustain the allegations of the bill and shew the rights of the complainants.

THIS was a bill filed to foreclose a mortgage executed by William Vandervoort to Nancy Jacobs. The bill alleges the marriage of Nancy Jacobs to the complainant Michael Jacobs. Vandervoort answers, saying that " the said bond and mortgage was given to the said complainants for the purchase money of the mortgaged premises," and that there was a part failure of title. A replication was filed to the answer. No proofs were taken, and the cause came on for hearing in the fourth class.

*J. L. Woods*, for complainants.

*Hawley & Sill*, for defendants.

THE VICE CHANCELLOR. The complainants insist that the bond and mortgage are substantially admitted by the answer ; and if they were not, that they can be proved at the hearing. The defendant insists that if this is so, the marriage of the complainant Nancy Jacobs to the complainant Michael Jacobs, is neither admitted by the answer expressly, nor can it be construed so to be, under the 17th rule, as it is not a fact charged in the bill as within the defend-

Feb. 1840.

ant's knowledge ; so that the defendant's silence is not, under that rule, an implied admission. The defendant is right. Though the complainant might have proved his mortgage if properly acknowledged upon the hearing, yet he should have taken proofs of the marriage ; as that fact is essential to shew the interest of one of the complainants, and without that fact being proved or admitted, there are not proper parties complainants ; and this is a fact not impliedly admitted by the neglect of the defendant to answer as to it. The complainant's bill must be dismissed with costs, without prejudice to his right to file a new bill for the same matter.